Patricia D. Collins, J.
This is a summary proceeding to recover possession of apartment predicated on nonpayment of January, 1973 rent due January 15,1973.
On April 24, 1972, respondent tenant and petitioner landlord executed a lease for the period of one year, commencing on June 15, 1972 and expiring on June 14, 1973, whereby tenant agreed to pay a rent of $205 per month. Tenant, a 65-year-old disabled woman, had been a lessee of the same premises for several years prior to the execution of this latest lease.
On or about July 19, 1972, tenant received a two-page letter from the landlord, dated July 18, 1972, which stated that the rental figure ($205) provided for in the lease was in violation of the rent guidelines imposed by the Internal Revenue Service under the President’s Phase II Policy. Therefore, tenant was offered a choice of either of two new rental options, as required by the Federal Rent Stabilization Regulations. She chose Option No. 1 by checking the appropriate box on page two of the letter and by mailing only that page back to the landlord.
Option No, 1 read as follows: “ You may lease this unit for $183.60 a month for 1 year or less, at your option. ” (Emphasis added).
The new rental for this tenant was to be $183.60 per month from the inception of the new lease (June 15, 1972). Tenant paid this sum regularly, having chosen to take a one-year lease.
On or about January 11, 1973, President Nixon announced the end of Phase II of his economic policy and the beginning of Phase III. There are no Federal Rent Stabilization Regulations during this new phase.
Shortly after the afore-mentioned announcement, the landlord herein notified tenant that as of January 15,1973, her rent would be $205 monthly until the termination date of the lease (June 14, 1973). This notification was made by letter dated January 15, 1973. However, since the tenant had already given her personal check for $183.60 to the building superintendent for the January rent, the landlord returned it to her by mail on or about January 17,1973, and demanded $205 instead.
*152 Respondent’s counsel succinctly states the issues to he: “ Did the imposition of Federal rent controls in July, 1972 effect a modification of the lease previously executed by the petitioner and respondent herein, so that respondent’s obligation to pay the modified rental of $183.60 would survive the termination of all rent controls ? Or, was the modification of the lease only a temporary condition which would expire on the termination of controls? ”
Although the court ordered a hearing, counsel for petitioner and respondent agreed the issue herein to be one of law and not fact. Accordingly, no testimony was taken and each side has presented a memorandum of law.
The court will dismiss this proceeding and direct payment of rent due January 15,1973 on or before March 5,1973.
The petitioner offered an alternative — the respondent accepted — the option then merged into a modification. The modification of the lease term relative to rent and term does not reflect a condition of any sort.
The intention of the parties is clear to this court. The option was prepared and submitted by petitioner and is strictly construed against petitioner as its author. In any event, the option is clear and unequivocal.
The court is not interested in motivation — only in the written product. The court will not read anything into the agreement. Intent is contained within the four corners of the option. (Raleigh Assoc. v. Henry, 302 N. Y. 467.)